Burke, J.
Plaintiff appeals from an order of the Appellate Division affirming, without opinion, one Justice dissenting, a judgment of the Supreme Court entered in favor of defendant Rose Levine, doing business as Harvey Printing Co. (hereinafter referred to as Harvey), following the trial court’s setting aside a jury verdict in plaintiff’s favor.
Plaintiff suffered the injuries here sued for when he tripped over the edge or runner of a “ skid ” (a wooden platform about 4 feet square set on 8- by 3-inch runners) placed immediately adjacent to plaintiff’s office door in the hallway of the commercial *205 building- in which plaintiff sublet office space from the defendant.
The basis for the trial court’s setting- aside the verdict was its belief that the plaintiff had not established sufficient facts ‘ ‘ from which an inference could be properly drawn that the defendant, Levine, or her agent or employees, had placed the skid in said position or that she was chargeable with knowledge that it had been so placed and had been afforded a reasonable opportunity, after such knowledge to remove the skid.” In our view the conclusion of the trial court and the Appellate Division as to the sufficiency of plaintiff’s evidence to support a jury verdict in his favor was erroneous. While plaintiff had no direct evidence linking Harvey to the placement of the skid on this particular occasion, the circumstantial evidence tending to establish Harvey’s responsibility for it was sufficient to establish a prima facie case.
“ Circumstantial evidence is sufficient if it supports the inference of causation or of negligence even though it does not negative the existence of remote possibilities that the injury was not caused by the defendant or that the defendant was not negligent. (It is enough that he [plaintiff] shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred. ’ ” (Dillon v. Rockaway Beach Hosp., 284 N. Y. 176, 179.) This court has on numerous occasions upheld jury verdicts where it could not be established by direct evidence that the defendant was in fact responsible for the condition causing plaintiff’s injury but the probability that under all the circumstances defendant was not responsible was slight. (See, e.g., Jackson v. Associated Dry Goods Corp., 13 N Y 2d 112; Garippa v. Wisotsky, 305 N. Y. 571; Hughes v. Borden’s Farm Prods. Co., 252 N. Y. 532; see, also, Fisch, New York Evidence, § 216, p. 119.)
The skid in the instant case was located between plaintiff’s and Harvey’s doors, approximately 6 to 8 feet apart on the same side of the hallway. There was testimony by plaintiff and by an employee of another tenant on the floor that the skid was loaded with a type of cardboard used by Harvey in its printing business but by no other concerns on the floor. Plaintiff’s witness, as well as the defendant’s son, Harvey Levine, who was employed by Harvey, testified to the effect that the *206 ordinary manner in which tenants received deliveries of goods was for such goods to be left by the deliverymen on the loading platform downstairs in the building and for the tenants or their employees to remove the goods from the platform to their respective premises in the building. "While Harvey Levine did testify that sometimes the truckmen or freight elevator operator would bring deliveries up to the tenants, the jury was not required to accord substantial weight to this testimony. On such evidence the jury was justified in finding that Harvey was responsible for placing the skid in this perilous position in the hallway and for this reason the order of thé Appellate Division must be reversed and the case remitted to that court for review on the facts. (See CPLR 5613.)
Reversal is also warranted on the ground that the trial court improperly excluded testimony concerning an alleged admission of responsibility for placement of the skid made by Albert Levine, husband of the defendant and “general foreman ’ ’ of Harvey, shortly after plaintiff’s accident. If the Appellate Division should order a new trial, the trial court must allow plaintiff to put in his proof as to the alleged admission.
Where an agent’s responsibilities include making statements on his principal’s behalf, the agent’s statements within the scope of his authority are receivable against the principal. (See, e.g., Stecher Lithographic Co. v. Inman, 175 N. Y. 124; see, also, Richardson, Evidence [Prince, 9th ed.], p. 309.) Such authority may extend even to admissions of the principal’s liability for injuries to others, if the agent’s responsibility extends this far. (See Anthus v. Rail Joint Co., 193 App. Div. 571, affd. 231 N. Y. 557.)
In the instant case Albert Levine’s authority as agent for his wife, the defendant here, seems clearly to have been broad enough to include an admission of Harvey’s responsibility for placement of the skid receivable against the defendant. Though called merely “general foreman ”, Levine was apparently the person who ran Harvey, in whom complete managerial responsibility for the enterprise was vested. He had been with the firm 27 years. The defendant, Rose Levine, on the other hand, had not been observed working at Harvey for a number of years before this accident. Plaintiff paid his rent to Albert Levine. Levine was, for all intents and purposes, Harvey’s representa *207 five to the trade, others in the building, and the landlord. He was its spokesman. If his wife was anything more than a “dummy” owner oE the business (which was the opinion of the dissenting Justice below), her role in the business was apparently restricted to her influence in the family councils of the Levines. Under such circumstances plaintiff Was entitled to introduce into evidence Levine’s alleged admission.
The order of the Appellate Division should be reversed and the case remitted to that court for review on the facts.
Chief Judge Fuld and Judges Bebgan, Keating and Bbeitel concur with Judge Bubke ; Judges Van Voobhis and Scileppi dissent and vote to affirm.
Order of Appellate Division reversed and matter remitted to that court for determination of the questions of fact, without-costs.