Appellants.—Judgment unanimously affirmed, without costs, upon the opinion at Special Term. (Appeal from judgment of Onondaga Supreme Court granting summary judgment.) Present—Marsh, P. J., Moule, Cardamone, Del Vecchio and Witmer, JJ.

■ Robert W. Fiedler et al., Appellants-Resondents, v Mirsa, Inc., et al., Respondents-Appellants.—(Appeal No. 1.) Judgment unanimously reversed, on the facts, and a new trial granted, with costs to appellants to abide the event, unless plaintiffs shall within 10 days stipulate to reduce the verdict to the sum of $50,000 as of the date of the rendition thereof in which event the judgment is modified accordingly and as modified affirmed, without costs. Memorandum: The primary issue on these cross appeals involves the alleged excessiveness of the verdict of $62,000 in the wife's cause of action for personal injuries and the trial court's decision setting aside the verdict of $15,500 in the husband's derivative cause of action unless the parties stipulate to a judgment of $5,500. This 28-year-old woman with a prior history of hepatitis, rheumatic fever and allergic reactions sustained an acute allergic reaction when negligently injected by defendant's employees with blood in an effort to "sensitize" her type O-Rh negative blood so that it could be used commercially. This allergic reaction lasted four to five days during which her skin erupted with hives and bumps, was red and blotchy, she suffered dizzy spells and difficulty in breathing and had pain in her joints, back and abdominal areas. This gradually subsided but she developed chronic urethritis and trigonitis which has required continued treatment since the incident with accompanying pain and periodic temporary disability. The doctor testified her chronic urethritis and trigonitis with pain and frequency during urination will continue to require treatment in the foreseeable future and may be permanent. The total special damages were less than $700. Upon the evidence in the record, the verdict of $62,000 was excessive and the verdict is set aside and a new trial on the issue of damages only is granted unless the parties stipulate to reduce the verdict to $50,000 (see *Rice v Ninacs,* 34 AD2d 388, 390). The trial court's order setting aside the verdict in the derivative cause of action unless the parties stipulate to reduce the judgment to $5,500 was reasonable and is affirmed (see *Mann v Hunt,* 283 App Div 140). The admission of Mr. Anzolone, the general manager of the blood station and a vice-president of defendant Mirsa, Inc., made hours after the accident, was properly received in evidence against his employer notwithstanding the fact that he intended and did leave defendant's employ a week after the accident *(Spett v President Monroe Bldg. & Mfg. Corp.,* 19 NY2d 203; *Kasper v Buffalo Bills of Western N. Y.,* 42 AD2d 87, 91). (Appeals from judgment of Erie Trial Term in negligence action.) Present—Cardamone, J. P., Simons, Mahoney, Goldman and Del Vecchio, JJ.

■ Robert W. Fiedler et al., Appellants-Respondents, v Mirsa, Inc., et. al., Respondents-Appellants.—(Appeal No. 2.) Order unanimously affirmed, without costs. Same Memorandum as in *Fiedler v Mirsa, Inc.* (49 AD2d 1009). (Appeals from order of Erie Trial Term in negligence action.) Present—Cardamone, J.P., Simons, Mahoney, Goldman and Del Vecchio, JJ.

■ In the Matter of Philip J. Francis, Appellant, v Anthony J. Colucci et al, Constituting the Buffalo Municipal Civil Service Commission, Respondents.—Judgment unanimously reversed, with costs, and petition granted in accordance with the following memorandum: In the findings made by them following the hearing on petitioner's challenge to the grading