■ JOSEPH CAMP et al., Appellants, v VILLAGE OF LIMA, Respondent.—Judgment unanimously reversed, on the law, and a new trial granted, with costs to abide the event. Memorandum: Plaintiffs were tenants in a one-family residence owned and rented to them by defendant. One evening shortly after renting the premises, Mrs. Camp noticed a lack of heat and advanced the thermostat. When the house failed to warm, Mr. Camp went to the cellar to inspect the gas furnace. He tried to switch on an electric light near the furnace but it failed to light, and he then struck a match. There was an explosion which caused serious injuries to Mr. Camp. Plaintiffs introduced the testimony of Mr. Broadwell, a serviceman for the gas company, who examined the furnace the next day. He described the unit as a converted coal furnace with a gas conversion unit. It was equipped with a 24-volt electric gas valve, controlled by the thermostat, which turned the gas on and off. There was a pilot light which ignited the gas when the thermostat was thus advanced. The valve was operable and the electric wiring showed no short circuit or malfunction. Mr. Broadwell testified that the wiring was improper however, in that it by-passed a safety switch designed to turn off the supply of gas if the pilot light became extinguished. As a result of the improper wiring, the safety switch was not activated and gas entered the furnace and accumulated in the chamber when the thermostat was advanced and the pilot light was extinguished. He testified that the pilot could be extinguished by draft, a build-up of dust or interruption in the gas supply. When he examined the furnace, the pilot light was out. He found no other defect in the furnace and stated no cause for the explosion. At the conclusion of plaintiffs' case, the trial court granted defendant's motion to dismiss the complaint for failure of proof on the issue of causation. The fault of the defendant is fixed by statute and regulation, for it is unlawful to install, use or maintain a gas heating appliance in a residence without an automatic shut-off device to prevent the flow of gas into the

furnace after the pilot light is extinguished (General Business Law, § 322-c;, 9 NYCRR 658.2 [i]), and plaintiffs presented a prima facie case based upon circumstantial evidence that defendant's fault caused their damages. "Circumstantial evidence is sufficient if it supports the inference of causation or of negligence even though it does not negative the existence of remote possibilities that the injury was not caused by the defendant or that the defendant was not negligent. 'It is enough that he [plaintiff] shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred.' " *(Dillon v Rockaway Beach Hosp. & Dispensary,* 284 NY 176, 179; *Spett v President Monroe Bldg. Corp.,* 19 NY2d 203, 205; see, also, *Wragge v Lizza Asphalt Constr. Co.,* 17 NY2d 313; Prosser, Torts [4th ed], pp 241-244.) The jury could infer that the explosion was caused because the pilot light was extinguished before the explosion and that defendant's improper wiring of the safety switch allowed gas to enter and accumulate in the chamber, resulting in the later explosion. (Appeal from judgment of Livingston Supreme Court—negligence—furnace.) Present—Marsh, P. J., Moule, Cardamone, Simons and Witmer, JJ.