■ CAMEO HOLDING CORP. et al., Appellants, v TURBO ASSOCIATES CORP., Respondent. IRWIN SILTON, Appellant, v CAMEO HOLDING CORP. et al.,

Respondents. STEVE AND NICK RESTAURANT CORP. et al., Appellants, v CAMEO HOLDING CORP., Respondent.—In a consolidated negligence action to recover for property damage, (1) plaintiffs tenants appeal, as limited by their briefs, from so much of a judgment of the Supreme Court, Queens County, dated September 27, 1977, as granted Cameo Holding Corp.'s (Cameo) motion to set aside the jury verdict in the tenants' favor and against it and dismissed their complaints and (2) Cameo appeals from so much of the same judgment as dismissed its complaint against defendant Turbo Associates, Inc. (Turbo). Judgment modified by deleting the first decretal paragraph thereof and substituting therefor a provision denying Cameo's motion to set aside the jury verdict in favor of the tenants and against it. As so modified, judgment affirmed with one bill of costs payable to the plaintiffs tenants and defendant Turbo by Cameo, jury verdict, insofar as set aside, reinstated and action remanded to the trial court for entry of an appropriate amended judgment. There is ample evidence in the record to support the jury's verdict in favor of the plaintiffs tenants. The jury could have reasonably concluded that the fire was started by gas heaters which were in the boiler room under the exclusive control of Cameo, that the dilapidated condition of the heaters and the poor maintenance of the boiler room was the cause of the fire, and that Cameo directed Turbo's repairman to keep the heaters running despite a warning that it was unsafe to do so. For this same reason the jury could have properly absolved Turbo of responsibility for the fire. As stated by the Court of Appeals in *Spett v President Monroe Bldg. & Mfg. Corp.* (19 NY2d 203, 205): "This court has on numerous occasions upheld jury verdicts where it could not be established by direct evidence that the defendant was in fact responsible for the condition causing plaintiff's injury but the probability that under all the circumstances defendant was not responsible was slight." Suozzi, J. P., O'Connor, Rabin and Shapiro, JJ., concur.