*1021 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the complaint dismissed.
Plaintiff slipped and fell while crossing an intersection near a Bronx bus stop, and fractured his kneecap. At the trial of his negligence action, plaintiff testified that after attempting to stand up, he slipped again and fell in the sam,e spot. He then swept away "a dusting of powdered snow” on the street and discovered a sheet of ice two-feet long, six- to seven-inches wide and at most a half-inch thick. A field foreman for the New York City Department of Sanitation testified, by deposition, that the Department had done snow removal and salt-spreading on January 13, 14 and 15 in the area where plaintiff fell. Meteorological data introduced by defendant indicated that on January 13-15, 1982, 8 to 10 inches of snow had fallen at two weather stations in New York City — Central Park and La Guardia Airport — and there were ice pellets and a glaze. Prior to that, there had been no snowfall since January 9, when .4 inches fell in Central Park and .2 inches at La Guardia Airport; by the following morning, however, only trace amounts of snow or ice remained on the ground in Central Park, and none at La Guardia. No measurable precipitation fell between January 9 and January 13; throughout that time, the temperature remained below freezing. Plaintiff introduced no evidence of any variation in weather conditions at the scene of the accident.
At the conclusion of the trial, the court charged the jury— without objection by plaintiff — that it could find defendant liable only if it concluded that plaintiff slipped as a result of a hazardous condition that had formed prior to the January 13 snowfall. Thus, by returning a verdict for plaintiff, the jury necessarily found that the sheet of ice on which he had fallen was formed as the result of the January 9 precipitation.
A jury verdict must be based on more than mere speculation or guesswork (Feblot v New York Times Co., 32 NY2d 486, 494; Digelormo v Weil, 260 NY 192, 199). "Where the facts proven show that there are several possible causes of an injury, for one or more of which the defendant was not responsible, and it is just as reasonable and probable that the injury was the result of one cause as the other, plaintiff cannot have a recovery, since he has failed to prove that the negligence of the defendant caused the injury” (Ingersoll v *1022 Liberty Bank, 278 NY 1, 7; see, Feblot v New York Times Co., 32 NY2d, at 495, supra, citing Digelormo v Weil, 260 NY 192, 199-200, supra; see also, Schneider v Kings Highway Hosp. Center, 67 NY2d 743, 745). If "there are several possible causes of injury, for one or more of which defendant is not responsible, plaintiff cannot recover without proving the injury was sustained wholly or in part by a cause for which the defendant was responsible” (Digelormo v Weil, 260 NY, at 200, supra). Thus, to support the jury’s verdict, the evidence— viewed in the light most favorable to plaintiff — must support plaintiff’s view of the cause of the injury over the opposing view (see, Ingersoll v Liberty Bank, 278 NY, at 7, supra). Plaintiff need not refute remote possibilities; it is enough for plaintiff to show facts and conditions from which the negligence of defendant may be reasonably inferred (see, Negri v Stop & Shop, 65 NY2d 625, 626; Spett v President Monroe Bldg. & Mfg. Corp., 19 NY2d 203, 205; Dillon v Rockaway Beach Hosp., 284 NY 176, 179).
We agree with the City’s contention that there is no evidence in this record from which the jury could rationally have concluded that the ice was caused by the January 9 precipitation rather than the snowfall beginning January 13. To conclude that an ice patch — two feet by six inches by a half inch —resulted from the January 9 snowfall is wholly speculative (see, Hamill v City of New York, 52 NY2d 1045, affg 78 AD2d 792). The evidence indicated nothing more than the possible existence of an unmeasurable trace of snow or ice prior to the January 13 snowstorm. Plaintiff produced no evidence that an ice patch of such dimension could have been formed from such precipitation and could have lasted until January 15. Quite simply, plaintiff has failed to show facts and conditions from which the negligence of defendant could have been reasonably inferred (see, Spett v President Monroe Bldg. & Mfg. Corp., 19 NY2d 203, 205, supra).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.