■ OLIVIA M. TUBENS, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [670 NYS2d 468] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about October 18, 1996, which granted defendant's motion for summary judgment and dismissed plaintiff's complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

On January 17, 1994, shortly before 1:00 P.M., plaintiff fractured her ankle when she fell on the snow and ice-covered steps of a building owned by defendant Housing Authority. While it had been snowing on the morning of the accident, it was plaintiff's contention, based on weather reports and her hearing and deposition testimony, that the ice that caused her fall was at least five days old. The IAS Court granted defendant's motion for summary judgment to dismiss the complaint,

finding that plaintiff had fallen during a "winter storm" and that her claim of "old" ice was mere speculation, without any support in the record. We find to the contrary that sufficient facts exist in the record to warrant a jury's finding that plaintiff slipped on ice that had been present on the steps for several days. We therefore reverse and reinstate the complaint.

The relevant weather reports show that between January 3 and January 12, 1994, snow and ice fell on at least three occasions, and that by 7:00 A.M. on January 13th, there was an accumulation of 5 inches of snow and ice on the ground. With the exception of trace amounts of precipitation on January 14th and 15th, there was no further precipitation over the next few days, and at 7:00 A.M. on January 17th, 3 inches of snow and ice remained on the ground.

Between the hours of 9:00 and 11:00 A.M. on January 17th, trace amounts of snow fell; between 11:00 A.M. and 1:00 P.M., a total of .08 inches of snow had fallen. By 1:00 P.M., shortly after plaintiff's fall, surface weather observations in Central Park showed that total accumulation had increased from 3 to 5 inches.

In plaintiff's testimony, both at the General Municipal Law § 50-h hearing and examination before trial, she stated that the steps were indeed covered with snow. However, once she fell, as she attempted to walk up the first two steps, she observed that the steps were covered with hard ice that she described as "thick," "old" and "dirty."

The weather data set forth above, documenting an accumulation of several inches of snow and ice at least five days old, in addition to plaintiff's first-hand observation of the condition of the steps at the time of her fall, provide sufficient evidence from which a jury could infer that her fall was caused by the pre-existing ice, not the light snowfall that began only that same morning (see, e.g., Candelier v City of New York, 129 AD2d 145).

Defendant relies on the case of Bernstein v City of New York (69 NY2d 1020), among others, to support its contention that plaintiff's claim of "old ice" is sheer speculation. However, the documented weather conditions in the days preceding plaintiff's accident in the instant case are more compelling than those in Bernstein, where it was indeed speculative to suggest that six-day-old trace amounts of snow rather than a two-day-old snowfall of close to 10 inches had caused the significant ice accumulation on which that plaintiff had fallen.

While this case, like Candelier (supra), is a close one, there is, nonetheless, sufficient evidence on which a jury could

rationally conclude that ice that had been allowed to remain on the steps of defendant's building caused plaintiff to slip and fall. Accordingly, the complaint should be reinstated. Concur—Milonas, J. P., Rosenberger, Williams and Mazzarelli, JJ.