■ CHRISTINA RIVAS, an Infant, by Her Mother and Natural Guardian, PATRICIA RIVAS, Respondents, v NEW YORK CITY HOUSING AUTHORITY, Defendant-Appellant. [689 NYS2d 483] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered October 9, 1998, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Issues of fact as to causation and notice are raised by the very weather reports defendant submitted in support of the motion. Those reports indicate that precipitation resulting in a snow accumulation of one-half inch occurred during the morning hours immediately before plaintiff child's fall on an alleged patch of ice in defendant's playground, that the last significant precipitation occurred five to six days before the accident and resulted in a snow accumulation of seven inches, of which one inch remained three days before the accident, and that temperatures were consistently around freezing for the three-day period before the accident. Such weather conditions could support a conclusion that plaintiff fell on preexisting ice, not fresh snow (*see*, *Tubens v New York City Hous. Auth.*, 248 AD2d 291, 292, distinguishing *Bernstein v City of New York*, 69 NY2d 1020), and that defendant had constructive notice of the alleged ice patch for a sufficient period of time in which to discover and remedy it (*cf.*, *Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972). Concur—Sullivan, J. P., Rosenberger, Tom and Wallach, JJ.