■ ANA C. RALAT, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [693 NYS2d 561] —Reargument denied; resettlement granted to the extent of recalling the unpublished decision and order of this Court entered on July 15, 1999 (Appeal Nos. 1193-1193A) and to resettle it to read as follows:

Order, Supreme Court, Bronx County (Lottie Wilkins, J.), entered March 12, 1998, which granted defendant's motion for summary judgment dismissing the complaint, and order, same court and Justice, entered October 1, 1998, which deemed plaintiff's motion for reargument and renewal as one for reargument only, and denied reargument, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, plaintiff's motion to renew granted, and upon renewal, defendant's motion for summary judgment denied and the complaint reinstated.

Plaintiff commenced this personal injury action against the New York City Housing Authority (NYCHA) after she slipped and fell on a large patch of snow-covered ice on February 23, 1994. Two of plaintiff's friends witnessed the accident. Although 2.3 inches of precipitation fell on the date of plaintiff's accident, it is plaintiff's contention that her injuries were caused by defendant's negligent failure to remove pre-existing accumulations of ice or snow from earlier snowfalls that month.

NYCHA moved for summary judgment arguing that it could not be liable for plaintiff's injuries because she slipped on an icy sidewalk during an ongoing snowfall, and it was under no duty to act until a reasonable time after cessation of the storm (*see, Valentine v City of New York*, 86 AD2d 381, *affd* 57 NY2d 932). In opposition, plaintiff submitted her testimony from her General Municipal Law § 50-h hearing and deposition, as well as unsworn statements from the two eyewitnesses stating that the dangerous icy condition had existed in the area for some

time prior to plaintiff's accident. The IAS Court granted defendant's motion for summary judgment, finding plaintiff's claim of a pre-existing ice condition merely speculative in light of weather reports showing unseasonably high temperatures for several days prior to plaintiff's fall. Plaintiff's motion for reargument and renewal was deemed a motion for reargument only, because the sworn affidavits recently obtained from plaintiff's two witnesses were, in the IAS Court's view, not newly discovered. Reargument was denied.

Initially, the IAS Court should have granted the renewal branch of plaintiff's motion. Plaintiff's counsel stated that despite diligent efforts, he was unable to obtain sworn affidavits from plaintiff's two witnesses until after the court's initial determination. We find this to be adequate grounds for renewal (see, Tesa v Transit Auth., 184 AD2d 421, 423).

We further conclude that defendant's motion for summary judgment should have been denied on the merits. The climatological reports submitted by NYCHA reveal the existence of substantial accumulations of snow or ice on the ground for almost the entire month of February. This accumulation was due primarily to a 7.2 inch snowfall on February 8th and a 12.8 inch snowfall on February 11th. While there was no precipitation in the 12 days preceding plaintiff's fall, an accumulation of seven inches remained on the ground a mere three days before the accident, and at least one inch the day before. Thus, the IAS Court's assumption that the warm temperatures must have completely melted the prior accumulation was clearly inaccurate. In any event, these accumulation levels, taken at the Central Park weather station, are not dispositive as to how much accumulation remained at the site of plaintiff's accident in the Bronx.

Furthermore, in their sworn affidavits submitted on renewal, plaintiff's witnesses both describe having observed plaintiff slip and fall on a "large patch of ice." Significantly, they also stated that the icy "problem" on the sidewalk existed for at least a week prior to plaintiff's accident, and that they had observed other tenants from the Edenwald Housing Project slipping and falling on ice in the same area. These first-hand observations of an icy condition in existence well prior to plaintiff's accident, in addition to the weather data establishing residual accumulation from earlier storms, constitute sufficient evidence from which a jury could infer that plaintiff's fall was caused by the pre-existing ice, and not the light snowfall on the day of the accident (see, Tubens v New York City Hous. Auth., 248 AD2d 291; Candelier v City of New York, 129 AD2d 145, 149).

*Bernstein v City of New York* (69 NY2d 1020) is distinguishable. In that case, the Court of Appeals held that it was "wholly speculative" for the jury to have concluded that the plaintiff's January 15th fall resulted from the residue of a January 9th snowfall of .4 inches, of which only a trace amount remained the next morning, rather than the 8 to 10 inches of snow that fell between January 13th and January 15th (*supra*, at 1022). Here, in contrast, a jury's finding of a pre-existing ice condition would rest on the sworn statements of plaintiff's witnesses and the weather data, which is evidence, not speculation (*see, Tubens v New York City Hous. Auth., supra*). The weight to be given that evidence, of course, is a question for the trier of fact. Concur—Sullivan, J. P., Tom, Mazzarelli, Rubin and Friedman, JJ.