■ JOHN O'BRIEN, Respondent, v LONDON WOODS DEVELOPMENT CORP., Defendant and Third-Party Plaintiff-Respondent. ROYAL INSURANCE COMPANY OF AMERICA, Third-Party Defendant-Appellant. [721 NYS2d 231] —Order and judgment (one paper), Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered July 11, 2000, which deemed a motion by plaintiff and a cross motion by defendant and third-party plaintiff London Woods Development Corp. (London) to be an application for renewal of the court's decision dated September 16, 1999, and, upon granting renewal, granted London's prior cross motion for summary judgment declaring that third-party defendant Royal Insurance Company (Royal) must defend and indemnify London in the underlying personal injury action, unanimously reversed, on the law, without costs, renewal denied and the initial denial of London's original cross motion reinstated.

The IAS Court improvidently exercised its discretion in granting renewal since sufficient grounds were not offered. The agreement specifying that plaintiff's counsel had not been retained until October 1995 obviously was not newly discovered evidence. Moreover, counsel, in his affirmation in support of "reargument," did not explain why this fact was not advanced during prior motion practice (*cf., Ralat v New York City Hous. Auth.*, 265 AD2d 185, 186).

We find on this record that summary judgment declaring that Royal is obligated to defend and indemnify London is not warranted since there exist questions of fact as to whether London and/or plaintiff provided timely notice of the occurrence to Royal and as to whether Royal gave timely notice of disclaimer. Concur—Sullivan, P. J., Tom, Lerner, Buckley and Friedman, JJ.