■ ROBERT SEAMAN, Appellant, v CITY OF NEW YORK, Respondent. [742 NYS2d 35] —Judgment, Supreme Court, Bronx County (Anne Targum, J.), entered September 12, 2000, which dismissed the complaint upon defendant's motion for a directed verdict at the close of plaintiff's case, unanimously reversed, on the law, without costs, the complaint reinstated and the matter remanded for a new trial.

The trial court erred, in this slip and fall matter, in directing a verdict in favor of defendant at the close of plaintiff's case. When plaintiff's evidence is accorded its proper treatment, that is, accepted as true and given every favorable inference, it provides a sufficient basis for the jury to rationally find in his favor (*see, Parvi v City of Kingston*, 41 NY2d 553, 554; *Candelier v City of New York*, 129 AD2d 145, 147). The meteorological data and testimony submitted, along with plaintiff's testimony that he fell on a sheet of ice two inches thick that covered the entire city block, was sufficient evidence from which the jury could have determined that plaintiff's fall was caused by the 3 inches of ice remaining from a 3.4 inch snowfall five days prior, rather than ice resulting from a 1.2 inch rainfall on the day his fall occurred (*see, Candelier v City of New York, supra* at 149; *see also, Tubens v New York City Hous. Auth.*, 248 AD2d 291, 292 [summary judgment denied where evidence similar to that at bar was found sufficient to allow a jury to infer that plaintiff's fall, which occurred on the same date as that in the case at bar, was caused by preexisting ice, not light

precipitation which fell on that date]). Concur—Williams, P.J., Saxe, Buckley, Ellerin and Rubin, JJ.