■ Marc Krasnow, Respondent, v JRBG Management Corporation, Appellant. [808 NYS2d 75]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered April 20, 2005, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

On appeal, plaintiff tenant alleges personal injury due to defendant landlord's negligent ownership, operation and control of the residential premises, resulting in the creation of and/or failure to remediate a toxic mold condition. The motion court erred in finding defendant's summary judgment motion untimely, in finding a triable issue of fact as to whether defendant created or had actual or constructive notice of the alleged mold condition, and in finding a triable issue of fact as to causation of plaintiff's alleged injuries.

Defendant made its motion for summary judgment on October 25, 2004. The note of issue, which was dated and served by mail on August 20, 2004, was filed on August 23. The court erroneously calculated the 60-day period for making the motion from the former date rather than the latter (*see* Uniform Rules of Justices, NY County, Sup Ct, Civ Branch, rule 17), and also failed to consider the additional five days allowed for service by mail (CPLR 2103 [b] [2]). Hence, the motion was timely.

The record demonstrates as a matter of law that defendant did not create the alleged mold condition or have actual or constructive notice of it until informed by plaintiff of an October 23, 2001 report he commissioned from Micro Ecologies Inc., an environmental investigation firm. According to the report, the mold condition was confined to an area where a window air conditioner abutted plaintiff's platform bed. The report did not support plaintiff's allegation that previous, inadequate repair by defendant of rainwater leakage and discoloration on the ceiling and other walls created the mold condition, and there was no evidence that defendant was on notice of such leakage in the area of the mold condition. Moreover, the record shows that defendant did not own or install the air conditioner, a likely cause or contributor to the mold condition, or the platform bed. Finally, plaintiff concedes that defendant, once notified, promptly and effectively addressed the condition.

The record also demonstrates that plaintiff did not demonstrate any issue of fact concerning the cause of his sinusitis, i.e., that it was caused by the mold in his apartment. He did not effectively rebut defendant's expert toxicologist's opinion that plaintiff's examination results provided no clinical support for a diagnosis of fungal sinusitis and that no fungus was cultivated from cultures taken from plaintiff's sinuses. Similarly, he did not rebut the opinion of defendant's expert otolaryngologist who noted that plaintiff's preoperative CAT scan showed his sinuses were clear, that plaintiff's medical records indicated that no fungus was ever found in his sinuses and that his allergy to mold was insignificant. This expert also noted that plaintiff suffered from several other known causes or precursors of sinusitis, including a deviated septum, nasal polyps, hay fever, a history of sinusitis and a compromised immune system. Plaintiff's proof failed to exclude any of these other possible causes of his sinusitis (*see Bernstein v City of New York*, 69 NY2d 1020 [1987]) and, in part, tended to disprove his theory of causation. His medical expert opined that his sinus surgery was ineffective due to continued exposure to the fungus in the apartment despite the uncontroverted fact that the surgery and subsequent evaluation took place over three months after plaintiff moved from defendant's premises. Concur—Mazzarelli, J.P., Andrias, Sullivan, Williams and Malone, JJ.