■ Virginia Rodriguez et al., Respondents, v 326-338 East 100th Street Partners et al., Appellants. [836 NYS2d 172]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered October 19, 2006, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The nonparty affidavits, which were properly considered by the court, each stated that there were patches of ice on the sidewalk for approximately one week prior to the accident. This sufficed to raise a triable issue of fact as to whether the alleged hazard was present long enough for defendants to discover and remedy it (*see Giuffrida v Metro N. Commuter R.R. Co.*, 279 AD2d 403 [2001]). While plaintiff testified that she did not notice snow on the sidewalk before her fall, her testimony that she slipped on something "dark, black" and that, after she fell, she "came to know it [the substance upon which she slipped] was cold," was sufficient to raise a triable issue of fact as to whether she fell on ice. In addition, plaintiff's testimony, together with the testimony of defendants' superintendent to the effect that he saw plaintiff sitting on the sidewalk after her accident, raised an issue of fact as to whether plaintiff fell on the sidewalk, as opposed to the street.

The weather data submitted by plaintiff indicated that over 10 inches of snow fell on January 26-27, 2004, and that an additional .7 inches of snow fell eight days before plaintiff's accident, which allegedly occurred on February 14, 2004. The data also shows that the temperature remained around freezing throughout the relevant time period. These conditions would

support an inference that the complained-of ice hazard existed for a sufficient time before the alleged accident to permit its discovery and remediation in advance of the accident (*see Rivas v New York City Hous. Auth.*, 261 AD2d 148 [1999]). Concur— Tom, J.P., Mazzarelli, Marlow, Nardelli and McGuire, JJ.