[836 NYS2d 611]

Luis Gonzalez, Respondent, v The American Oil Company et al., Appellants.

First Department, June 7, 2007

APPEARANCES OF COUNSEL

*Ahmuty Demers & McManus*, Albertson (*Brendan T. Fitzpatrick* of counsel), for appellants.

*Andrew Hirschhorn*, Rosedale, for respondent.

## OPINION OF THE COURT

KAVANAGH, J.

Plaintiff alleges that on January 20, 2002, at approximately 9:00 P.M., he was exiting a gas station convenience store owned and operated by defendants when he slipped on a patch of ice and fell. He claims that the patch of ice was three feet by six feet in dimension, transparent, hard and dry, covered by a "little snow" and located approximately six feet from the front entrance of the store. Plaintiff further claims that this condition was caused by snow and ice being allowed to accumulate near the store entrance because of an opening in the canopy that provided cover for the station's gas pumps. After discovery was completed, defendants moved for summary judgment alleging that they did not create the condition that caused plaintiff to fall, and that they had neither actual nor constructive notice of it. Supreme Court found questions of fact as to whether defendants had constructive notice, and correctly denied the motion.

Summary judgment is a drastic remedy. In deciding whether a question of fact concerning a core issue exists, the court must give the moving party the benefit of all reasonable inferences that may be drawn from the competent evidence introduced in connection with the motion (*see Adams v Alexander's Dept. Stores of Brooklyn*, 226 AD2d 130, 131 [1996]; *Colt v Great Atl. & Pac. Tea Co.*, 209 AD2d 294 [1994]). For this plaintiff to prevail, he must demonstrate that defendants either created the condition that caused his accident, or that defendants had actual or constructive notice of the hazardous condition before the accident and failed to correct it (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

Applying these principals to the facts as submitted, the following has been established: (1) at the time alleged, plaintiff slipped on a patch of ice while exiting defendants' premises and fractured his ankle; (2) the ice patch was located approximately six feet from the front entrance to the premises; (3) it was trans-

parent, hard and dry, six feet by three feet in dimension, and at the time of plaintiff's fall was covered by a "little snow"; (4) the day before the accident 2.8 inches of snow had fallen in the area, and on the day of the accident a trace amount (.3 inches) fell but no precipitation fell within three to four hours before the accident; (5) maintenance such as ice and snow removal was performed at the premises on an "as-needed" basis, and daily records were kept by defendants documenting this activity as well as any payments made for it, but no such evidence was produced by defendants to show that maintenance had in fact been performed at the premises during the period in question; and (6) no complaint regarding the existence of the ice patch was made to defendants or their employees prior to plaintiff's fall.

Even though meteorological records establish that only a trace amount of snow had fallen during the 24-hour period immediately preceding the accident, plaintiff claimed that everything was covered with snow. The convenience store manager acknowledged that he was responsible for maintenance and that in addition to store employees he routinely engaged the services of an individual he identified as "Big John" to clear snow and ice on an as-needed basis. The manager also claims that daily records were routinely kept documenting this activity but no such records, including payment receipts, were produced for the period in question. In fact, no evidence other than the manager's general assurance that he checked the premises daily was presented by defendants in any way to establish that any maintenance was performed at the premises from the time of the last significant snowfall on January 19 until the time of plaintiff's fall the next day.[1]

It is not enough for plaintiff to establish that the maintenance defendants performed at the premises during the period in question was inconsistent and inadequate. It must also be shown by way of competent evidence that defendants knew or should have known of the existence of this condition before plaintiff's accident and had sufficient time to address it. In this regard it can be reasonably inferred from the available evidence that this large patch of ice was near the front door to the store for a considerable period of time prior to the accident, and that

---

1. In this regard, plaintiff claims that an employee of the gas station was told of the accident moments after it occurred and asked to call an ambulance. Therefore, if believed, defendants were on notice and in a position to preserve such records if in fact they existed. Defendants deny ever being so notified.

defendants, had they acted reasonably with regard to their obligation to keep the area free from snow and ice, would have discovered it. Specifically the patch of ice as described by the plaintiff, aside from being quite large (18 square feet), was hard, dry and transparent—and a "little snow" was on top of it. Meteorological records for the period (7:00 P.M. to 10:00 P.M.) immediately before and after plaintiff's fall, registered a temperature of 36 degrees, yet according to plaintiff, the ice patch when he fell was hard and dry. In addition, the patch, again according to the plaintiff, had a "little snow" on top of it, but by all accounts it had not snowed for at least three hours before plaintiff's fall.[2] The fact that snow covered the patch may well explain why plaintiff did not see it before he slipped on it, but it also establishes that the ice patch had been there for at least three hours before the accident occurred. If the ice was there that long, even if it were transparent, defendants should have discovered it, and would have had they made any reasonable effort to keep the area clear of ice and snow.

From these facts—the large size of the ice patch, its consistency as well as its close proximity to the store's front door, and defendants' failure to perform any meaningful maintenance—one could reasonably conclude that defendants should have discovered this condition well before plaintiff's fall and remedied it (*see Garcia v New York City Tr. Auth.,* 269 AD2d 142 [2000]; *Rivas v New York City Hous. Auth.,* 261 AD2d 148 [1999]; *Tubens v New York City Hous. Auth.,* 248 AD2d 291 [1998]).

Supreme Court, in denying defendants' summary judgment motion, properly concluded that there were questions of fact surrounding their liability.

Accordingly, the order of the Supreme Court, Bronx County (Sallie Manzanet, J.), entered February 27, 2006, which denied defendants' motion for summary judgment dismissing the complaint, should be affirmed, without costs.

SULLIVAN, J.P. (concurring). I agree with the majority that, on this record, sufficient has been shown to demonstrate an issue of fact as to whether defendants could be found to have had constructive notice of the existence of the "transparent" icy condition upon which plaintiff allegedly fell. I write only to note my rejection of plaintiff's claim that snow had fallen until at

---

2. Defendants point out that the meteorological records document that it last snowed at 2:00 A.M. on January 20, about 19 hours prior to plaintiff's accident.

least three or four hours before the 9:00 P.M. accident. Plaintiff also testified that "[i]t had snowed a lot" that day. In fact, only a trace (.3 inches) of snow fell on the day of the accident and, as the climatological report shows, about 19 hours had elapsed from the falling of the .3 inches of snow to the time of the accident.

This exaggeration of the amount of snowfall on the day of the accident and of the time of its cessation is neither a mistake on plaintiff's part nor insignificant. He exaggerates the amount of snowfall to establish defendants' duty to clear the snow, and misstates the time it stopped snowing to provide the factual support for his testimony that there was a layer of snow covering the ice.

The testimony as to the snow covering is of dubious validity given the lapse of 19 hours since the last traces of snow had fallen and the fact that the patch of ice upon which plaintiff fell was only six feet from the front entrance to the store, an area that would have been well trod in the intervening time. The testimony also ignores the fact that the temperature had reached a high of 39 degrees at 4:00 P.M. and remained above freezing until the time of the accident five hours later.

The obviously false claim of snow covering the icy area on which plaintiff fell, if accepted, would negate any argument that the existence of the ice patch must have been of recent origin, given the absence of scuff marks on the ice. That argument would weigh heavily on the issue of notice as well as comparative fault.

Since the judicial function on a motion for summary judgment is issue finding, not issue determination, the disposition of this appeal should make clear, despite plaintiff's claims to the contrary, that the record shows that only traces of snow fell on the day of the accident and that any such precipitation (.3 inches) occurred some 19 hours before the accident.

WILLIAMS, GONZALEZ and SWEENY, JJ., concur with KAVANAGH, J.; SULLIVAN, J.P., concurs in a separate opinion.

Order, Supreme Court, Bronx County, entered February 27, 2006, affirmed, without costs.