Order, Supreme Court, New York County (Eileen Rakower, J.), entered August 15, 2008, which, to the extent appealed from, granted defendant New York City Health and Hospitals Corporation’s motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Defendant failed to establish prima facie that it did not have constructive notice of the ice on the sidewalk in front of its property on which plaintiff allegedly slipped (see Lewis v Metropolitan Transp. Auth., 99 AD2d 246, 249 [1984], affd 64 NY2d 670 [1984]). The climatological records submitted by defendant reflected that the last measurable snowfall occurred several days before the accident and that thereafter the temperature only rose above freezing, for a brief period, more than 24 hours before the accident. The reasonable inference is that the ice formed after the temperature returned to freezing, more than 24 hours before the accident. However, while its employees testified as to defendant’s snow and ice removal practice at the time of the accident, defendant kept no records of such removal, and its witnesses could not recall when, or whether, ice or snow had been removed in the days preceding the accident. Thus, the ice could have been there “so long that [defendant] is presumed to have seen it, or to have been negligent in failing to see it” (id. at 249-250 [internal quotation marks and citation omitted]; see Wallace v Goodstein Mgt., LLC, 48 AD3d 319 [2008]). As defendant failed to meet its initial burden, the motion should have been denied regardless of the sufficiency of plaintiffs opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Were we to find that defendant met its burden on the motion, we would find that plaintiffs submission of an expert meteorologist’s opinion, based on meteorological data, that the ice condition was created at least 25 hours before the accident as a result of a thaw and refreeze cycle following the snowfall raised a tri *436 able issue of fact as to the origin of the ice patch and the length of time it was there before the accident occurred (see Gonzalez v American Oil Co., 42 AD3d 253 [2007]). Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Abdus-Salaam, JJ.