■ VERIZON NEW YORK, INC., Appellant, v STD FIBRE WORKS, LTD, Respondent. [891 NYS2d 356]

Defendant installed underground cables in the subject area beginning in April 2003 and ending in June 2003. In connection with this work, it applied for and received permission to work in the manholes in the area. Some eight months later, following a cable outage, plaintiff entered one of the manholes and discovered damage to one of its cable boxes. According to plaintiff, defendant was the responsible party.

Summary judgment was properly granted as plaintiff failed to offer any evidence beyond mere speculation that defendant's employees damaged the subject cable box. Testimony from plaintiff's employee established that companies other than defendant, as well as the New York City Fire Department, had keys to the manholes and therefore access to them without plaintiff's supervision, that employees from another company had entered the manhole on two occasions in April 2003, and that despite the fact that an inspector from plaintiff or its subsidiary was present when the work was performed by defendant, no inspector noticed any damage to the cable box prior to the outage in February 2004 (*see e.g. Bernstein v City of New York*, 69 NY2d 1020, 1021-1022 [1987] [where an accident may be caused by several possibilities, and where one or more cannot be traced back to the defendant, the plaintiff may not recover without sufficient proof that the defendant was liable]).

We have considered plaintiff's remaining contentions, including that Supreme Court abused its discretion in granting defendant's motion to renew, and find them unavailing.

558

Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Acosta and Román, JJ.