■ K & K ENTERPRISES INC., Respondent, v STEMCOR USA INC., Appellant. [954 NYS2d 512]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered July 6, 2011, after a nonjury trial, awarding plaintiff the principal sum of $115,447.33, and bringing up for review an order, same court and Justice, entered April 27, 2011, unanimously modified, on the law, to reduce the principal sum to $77,036.48, and to direct that within 30 days of satisfaction of the judgment plaintiff either return the goods that it rejected but retained or pay defendant $51,534.02, and otherwise affirmed, without costs.

The trial court properly admitted into evidence certain third-party business records pursuant to the party admission exception to the hearsay rule. The documents were bills of lading

generated by defendant's agent, a stevedore, in the course of its duties for defendant, and were therefore receivable against defendant (*Spett v President Monroe Bldg. & Mfg. Corp.*, 19 NY2d 203, 206 [1967]). The documents were also admissible as third-party business records. While no representative of the stevedore testified as to the foundation for their introduction into evidence, the bills of lading were created in the agent's performance of its contractual duties and therefore were sufficiently reliable to be admissible without such testimony (*One Step Up, Ltd. v Webster Bus. Credit Corp.*, 87 AD3d 1, 11 [1st Dept 2011]).

Having found that the trucking bills of lading were the only evidence of the amount of goods plaintiff received, the court should have adjusted the credits issued by defendant to plaintiff for damaged goods. Those credits were based on the amount of goods reflected in the marine bills of lading, and should have been reduced, as indicated, to an amount based on the smaller amount of goods reflected in the trucking bills of lading.

The court properly permitted plaintiff to exercise, until a judgment was entered in its favor and satisfied, a security interest in certain rejected goods that it retained, since the amount owed, the quantities shipped and received, and any credits to be issued were all inextricably intertwined in a single dispute. Concur—Tom, J.P., Sweeny, Acosta, DeGrasse and Richter, JJ.