12-1543-cv
Zerega Ave. Realty Corp. v. Horneck Offshore Transp., LLC

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand thirteen.

PRESENT: DENNY CHIN,
         CHRISTOPHER F. DRONEY,
                 Circuit Judges,
         JANE A. RESTANI,
                 Judge.[*]
- - - - - - - - - - - - - - - - - - - - - - -x

ZEREGA AVENUE REALTY CORPORATION, FRED
TODINO & SONS, INCORPORATED,
                 Plaintiffs-Counter-
                 Defendants-Appellees,


                 -v.-                        12-1543-cv

HORNBECK OFFSHORE TRANSPORTATION, LLC,
                 Defendant-Counter-
                 Claimant-Cross-
                 Defendant-Appellant,

                 -and-

HANOVER INSURANCE COMPANY, MASSACHUSETTS
BAY INSURANCE COMPANY, FIREMAN'S FUND
INSURANCE COMPANY, INCORPORATED,
                 Defendants-Cross-
                 Claimants.

- - - - - - - - - - - - - - - - - - - - - - -x

---

[*]      The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

FOR PLAINTIFFS-COUNTER-
DEFENDANTS-APPELLEES:

ALEX SPIZZ (Stephen D. Oestreich,
Rebecca Hollis, on the brief),
Todtman, Nachamie, Spizz & Johns,
P.C., New York, New York.

FOR DEFENDANT-COUNTER-
CLAIMANT-CROSS-DEFENDANT-
APPELLANT:

GINO ANTHONY ZONGHETTI (Kenneth B.
Danielsen, on the brief), Kenny &
Zonghetti, LLC, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Fox, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Hornbeck Offshore Transportation, LLC ("Hornbeck") appeals from the March 23, 2012 judgment of the United States District Court for the Southern District of New York (Fox, M.J.), entered pursuant to the court's March 14, 2012 Opinion and Order and March 22, 2012 Order finding Hornbeck liable for damage to the relieving platform and building owned by plaintiffs Zerega Avenue Realty Corporation and Fred Todino & Sons, Inc.  Hornbeck principally argues that the district court erred by (1) finding that Hornbeck's barge allided[1] with plaintiffs' relieving platform on October 29, 2012; (2) finding that the allision caused plaintiffs' relieving platform to collapse, resulting in damage to the relieving platform and plaintiffs' office building; and (3) failing to apply the doctrine of comparative fault based on plaintiffs' decision to excavate the relieving platform.  We assume the parties'

_____

[1]    "[I]n admiralty law an allision is the violent encounter of a moving vessel and a stationary object such as another vessel, a bridge, a pier, a wharf, or other shore side installation."  II Thomas J. Schoenbaum & Jessica L. McClellan, Admiralty & Maritime Law § 14-1 (5th ed. 2012) (citing Oxford English Dictionary (1971)).

- 2 -

familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal from a judgment following a bench trial, we review findings of fact for clear error and legal issues de novo. See Grace v. Corbis-Sygma, 487 F.3d 113, 118 (2d Cir. 2007). We "must give due regard to the trial court's opportunity to judge the witnesses' credibility." Fed. R. Civ. P. 52(a)(6); see also Vasquez v. GMD Shipyard Corp., 582 F.3d 293, 297 (2d Cir. 2009). In addition, while "a district court's understanding of the standard of causation is a question of law, reviewed de novo," where the district court applied the correct legal standard, we review its findings of causation for clear error. Otal Invs. Ltd. v. M.V. Clary, 494 F.3d 40, 59 (2d Cir. 2007). We affirm.

First, the district court's finding that Hornbeck's barge allided with plaintiffs' relieving platform was based on the eyewitness testimony of Michael Justino, a disinterested witness who the court determined was credible. See Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC, No. 04 Civ. 9651 (KNF), 2012 U.S. Dist. LEXIS 38536, at *76-77, *88-89 (S.D.N.Y. Mar. 14, 2012). That finding was not clearly erroneous.

Second, under New York law, plaintiffs "need not prove . . . that the defendant's conduct was the sole cause of the injuries." Prunier v. City of Watertown, 936 F.2d 677, 679 (2d Cir. 1991). Rather, "[t]he common law of torts . . . instructs that the existence of additional factors causing an injury does not necessarily negate the fact that the defendant's wrong is also the legal cause of the injury. In assessing whether one

- 3 -

cause among many constitutes proximate cause, courts have engaged in inquiries such as whether a cause is a substantial factor in bringing about the harm, or whether the cause is too remotely or insignificantly related to the harm to be a legal basis for liability." Henrietta D. v. Bloomberg, 331 F.3d 261, 278-79 (2d Cir. 2003) (internal citations and quotation marks omitted); see also Hydro Investors, Inc. v. Trafalgar Power Inc., 227 F.3d 8, 15 (2d Cir. 2000) ("A proximate cause determination does not require a jury to identify the liable party as the sole cause of harm; it only asks that the identified cause be a substantial factor in bringing about the injury."). Nevertheless, "[w]here the facts proven at trial demonstrate that there are several possible causes of an injury, for one or more of which the defendant was not responsible, and it is just as reasonable and probable that the injury was the result of one cause as the other, plaintiff cannot have a recovery since he has failed to establish that the negligence of the defendant substantially caused his injury." Silverman v. United States, No. 04-CV-5647 (ETB), 2008 U.S. Dist. LEXIS 25041, at *37 (E.D.N.Y. Mar. 28, 2008) (quoting Bernstein v. City of New York, 69 N.Y.2d 1020, 1021 (1987)) (internal quotation marks omitted).

In this case, the district court found that the allision caused the damage to plaintiffs' relieving platform and building. See Zerega, 2012 U.S. Dist. LEXIS 38536, at * 100-01. Although the district court did not determine that the allision was the sole cause of plaintiffs' injury, it expressly found, "by a preponderance of the evidence, that the defendant's negligence

- 4 -

in operating the tug pulling the barge and alliding with the plaintiffs' platform was a substantial cause of damage to the bulkhead and the office building and the platform's collapse." Id. at *101. The district court based these findings on the expert testimony of Steven Schneider, who was the only expert to observe the relieving platform and the building before the allision -- and did so more than 50 times between 2001 and July or August of 2002 -- and who the court determined was credible. See id. at *95, *100. In particular, the court gave weight to Schneider's testimony that the allision "damaged the entire frame of the relieving platform, which sprung in and then sprang out, resulting in a structural deformation and creating structural instability within the relieving platform and, consequently, its collapse and ensuing damage." Id. at *95. We discern no legal error in the district court's application of the law, and no clear error in its factual findings.

Third, the district court found that "the allision caused the cracks and sinkholes in the relieving platform," id. at *100, and that "the plaintiffs excavated a test pit prior to November 6, 2002, in order to determine the cause of the crack(s) and sinkhole(s) that developed on the relieving platform," id. at *90. Although the district court did not explicitly reject Hornbeck's claim that plaintiffs were at least partially at fault, the district court did so implicitly, as it implicitly rejected the notion that plaintiffs' excavation of the platform was tortious. Because this finding was not clearly erroneous, the district court did not err in holding Hornbeck liable for the

full amount of the damages.  Cf. Otal Invs. Ltd., 494 F.3d at 62

(liability for damage from a maritime collision is to be

allocated among the parties when both parties have contributed by

their fault to cause such damage).

　　　　We have considered Hornbeck's remaining arguments and

conclude that they lack merit.  Accordingly, we **AFFIRM** the

judgment of the district court.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>