■ KELLY PETERSON, Respondent-Appellant, v HENRY J. MELCHIONA, JR., et al., Defendants, and SKY HAULAGE, INC., Appellant-Respondent. [702 NYS2d 388] —In an action to recover damages for personal injuries, the defendant Sky Haulage, Inc., appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated December 7, 1998, which granted that branch of the plaintiff's motion which was pursuant to CPLR 5015 (a) (3) to vacate an order of the same court, dated September 15, 1994, granting its prior motion, *inter alia,* for summary judgment dismissing the complaint insofar as asserted against it, on the ground that the order was procured by fraud, misrepresentation, and other misconduct, and the plaintiff cross-appeals from so much of the same order as denied that branch of her motion which was to reinstate a prior order of the same court dated January 4, 1993, granting the plaintiff's motion to strike the answer of the defendant Sky Haulage, Inc.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff.

The plaintiff offered evidence that the defendant Sky Haulage, Inc. (hereinafter the defendant), had engaged in fraud, misrepresentation, or other misconduct, by making false state-

ments in support of its prior motion, *inter alia*, for summary judgment dismissing the complaint insofar as asserted against it. This evidence was sufficient to warrant the vacatur of the order dated September 15, 1994, which granted the defendant's prior motion (*see,* CPLR 5015 [a] [3]; *Shaw v Shaw,* 97 AD2d 403).

The court providently exercised its discretion in denying that branch of the plaintiff's motion which was to reinstate the order dated January 4, 1993, striking the defendant's answer for failure to comply with discovery requests. In the order appealed from, the court vacated the judgment in favor of the defendant and reinstated the complaint, and, in addition, directed further discovery, thus affording the plaintiff the opportunity to fully and fairly litigate the action.

The defendant's remaining contentions are without merit. Joy, J. P., Altman, Goldstein and Schmidt, JJ., concur.