■ 101 MAIDEN LANE REALTY Co., LLC, Respondent, v TRAN HAN HO et al., Appellants. 101 MAIDEN LANE REALTY Co., LLC, Respondent, v SUN MEI INC., Appellant. [931 NYS2d 299]—

In affirming the Civil Court's denial of the motion to vacate the final judgment pursuant to CPLR 5015 (a) (3), the Appellate Term held the issue of the validity of the lease has been "firmly and finally resolved in prior litigation," including an order by this Court affirming the dismissal of a plenary action challenging the validity of the lease on grounds of res judicata and collateral estoppel (*Sun Mei Inc. v Chen*, 21 AD3d 265 [2005]). While appellants are correct that this court has "inherent and plenary authority to exercise its discretion to review a previous order obtained by means of misconduct by a party toward the court" (*Cohoes Realty Assoc. v Lexington Ins. Co.*, 292 AD2d 51, 54 [2002] [citations omitted]; *see also Shouse v Lyons*, 4 AD3d 821 [2004]), respondents have not made an adequate showing in this case.

Although respondents assert that the December 1992 lease which was produced at trial was a fabrication and a forgery, the unsworn reports of their forensic expert are not in admissible form and therefore lack probative value (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Quinones v Ksieniewicz*, 80 AD3d 506 [2011]; *Shinn v Catanzaro*, 1 AD3d 195 [2003]). Even were this Court to consider the forensic reports as competent evidence, there is no proof as to when the lease was allegedly altered or that petitioner, who purchased the property in 1998, knew that

the 1992 lease produced at trial was a "fake," or any evidence of wrongdoing by petitioner which could serve as a basis for vacatur of the judgment pursuant to CPLR 5015 (a) (3). Concur—Tom, J.P., Saxe, Moskowitz, DeGrasse and Abdus-Salaam, JJ. **[Prior Case History: 14 Misc 3d 132(A), 2007 NY Slip Op 50075(U).]**