Ruland v 130 FG, LLC (2020 NY Slip Op 01558)





Ruland v 130 FG, LLC


2020 NY Slip Op 01558


Decided on March 5, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2020

Richter, J.P., Oing, Moulton, González, JJ.


11210 158908/15

[*1] Roy Ruland, Plaintiff-Appellant,
v
130 FG, LLC, Defendant-Respondent. [And a Third-Party Action.]


Melcer Newman PLLC, New York (Beth S. Gereg of counsel), for appellant.
Law Office of Kevin J. Philbin, New York (Katherine J. Zellinger of counsel), for respondent.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered on or about September 18, 2019, which granted defendant's motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion for summary judgment on liability, unanimously modified, on the law, to deny defendant's motion, and otherwise affirmed, without costs.
Plaintiff commenced this negligence action to recover for personal injuries he allegedly sustained when he slipped and fell on ice on the sidewalk in front of a building on East 45th Street in Manhattan, owned by defendant. Plaintiff indicated in his deposition that there was fresh snow on the ground at the time of the accident, which occurred around 7:30 or 7:45 in the morning. Because it snowed overnight, defendant had until 11 a.m. to clear any fresh snow and ice (Colon v 36 Rivington St., Inc., 107 AD3d 508 [1st Dept 2013]; Administrative Code of City of NY § 16-123). However, an issue of fact exists regarding whether the ice on which plaintiff slipped was preexisting. Plaintiff testified and submitted witness affidavits to the effect that the ice was dirty and trod upon, and had been present for days (see Perez v Raymours Furniture Co., Inc., 173 AD3d 597 [1st Dept 2019]; Ralat v New York City Hous. Auth., 265 AD2d 185, 186 [1st Dept 1999]).
Moreover, while defendant submitted certified climatological records from Central Park in reply and in opposition to plaintiff's cross motion, defendant cannot remedy a fundamental deficiency in its moving papers with evidence submitted in reply (Migdol v City of New York, 291 AD2d 201 [1st Dept 2002]), although they may be considered in opposition to plaintiff's cross motion. In any event, the records show that the temperatures remained below or only slightly above freezing during much of the six days after defendant asserts that the last snow fall occurred, and defendant offers only speculation that such temperatures would have melted previous accumulations of snow and ice.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2020
CLERK