| Brembo S.P.A. v T.A.W. Performance LLC |
| :---: |
| 2024 NY Slip Op 30333(U) |
| January 24, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 654931/2017 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. PAUL A. GOETZ         PART            47

*Justice*

------------------------------------------------------------------------X

BREMBO S.P.A.,

                Plaintiff,

          - v -

T.A.W. PERFORMANCE LLC,

                Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654931/2017 |
| MOTION DATE | 07/12/2023 |
| MOTION SEQ. NO. | 018 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 018) 511, 512, 513, 514, 515, 516, 517, 518, 519, 520, 521, 522, 523, 524, 525, 526, 527, 528, 529, 530, 531, 532, 533, 534, 535, 536, 537, 538, 539, 540, 541, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 554, 555, 559, 561

were read on this motion to/for          MODIFY ORDER/JUDGMENT          .

Defendant, T.A.W. Performance LLC ("TAW"), moves pursuant to CPLR § 5015 to vacate two prior decisions by this court dated July 2, 2018 (NYSCEF Doc No 123) and June 26, 2020 (NYSCEF Doc No 431). The July 2, 2018 decision and order granted in part plaintiff, Brembo S.P.A.'s ("Brembo") motion to dismiss and dismissed five of defendant's six counterclaims. The June 26, 2020 decision and order granted partial summary judgment to plaintiff on its first cause of action for breach of contract and its third cause of action for specific performance. The decision also dismissed defendant's final counterclaim for breach of contract against plaintiff. Defendant now moves to vacate these decisions based on alleged newly discovered evidence and based on alleged misrepresentations made by plaintiff in obtaining these judgments. Defendant also moves pursuant to CPLR § 3025 to amend its answer and allege new counterclaims and affirmative defenses based upon this newly discovered evidence.

## BACKGROUND

Brembo is an Italian company engaged in the design, manufacturing and sale of brake systems for automobiles and motorcycles. Brembo conducts sales throughout the world through exclusive and non-exclusive third-party distributors, including, as relevant here, defendant T.A.W. *Id.* From shortly after T.A.W.'s formation in 2010 until July 1, 2014, T.A.W. was an authorized, non-exclusive distributor of Brembo products in North America.

In or around March or April 2014, Brembo and T.A.W. began negotiating an agreement for T.A.W. to become the exclusive distributor of certain Brembo products in North America. Both T.A.W. and Brembo were represented by experienced legal counsel in these negotiations. The negotiations resulted in a written Exclusive Distribution Agreement between Brembo and T.A.W., which was executed on July 1, 2014 (the "Agreement") (NYSCEF Doc No 514). Under paragraph 5.4 of the Agreement, the Distributor, T.A.W., must use its best efforts to prevent the sale of counterfeit Brembo Products and Non-exclusive Brembo Products in the Territory, and Brembo, the Supplier, shall support T.A.W.'s efforts to do so as reasonably requested by T.A.W. Towards this end, this provision provides that "Brembo shall cooperate with T.A.W. if T.A.W. makes a reasonable request for Brembo to notify E-Bay regarding any Brembo branded products being sold on E-Bay by distributors, foreign and domestic in contravention of the exclusivity provisions of this Agreement" (*id.*).

In August 2016, after T.A.W. allegedly failed to pay certain invoices which were due and owing from January 2016, Brembo gave T.A.W. a one year notice of termination of the Agreement, pursuant to paragraph 16.2 of the Agreement, with termination to be effective on July 31, 2017 (*id.*). On July 20, 2017 Brembo filed this case alleging three causes of action, one for breach of contract, one for account stated, and one for specific performance seeking the

**654931/2017   BREMBO S.P.A. vs. T.A.W. PERFORMANCE LLC**
**Motion No.  018**

**Page 2 of 8**

2 of 8

return of all Brembo products in their inventory (NYSCEF Doc No 1). In its answer TAW filed six counterclaims all of which alleged that plaintiff breached the exclusivity Agreement by selling their products to third party companies who were then selling the products online and undercutting TAW's prices (NYSCEF Doc No 36).

## DISCUSSION

Defendant seeks vacatur of the July 2, 2018 decision and order and the June 26, 2020 decision and order pursuant to CPLR § 5015(a)(2) or CPLR § 5015(a)(3). Under CPLR § 5015(a)(2) a court may relieve a party from a previously rendered judgment upon the ground of "newly-discovered evidence which, if introduced at the trial, would probably have produced a different result and which could not have been discovered in time to move for a new trial under section 4404." In support of a motion made under 5015(a)(2) movant must show that the newly discovered evidence "could not have been previously discovered by the exercise of due diligence" (*Grinshpun v Borokhovich*, 148 AD3d 447, 447 [1st Dept 2017]). A motion under CPLR § 5015(a)(3) can relieve a party from a previous judgment on the grounds of "fraud, misrepresentation, or other misconduct of an adverse party." Fraud under 5015(a)(3) "may be defined as a fraud practiced in obtaining a judgment such that a party may have been prevented from fully and fairly litigating the matter" (*Shaw v Shaw*, 97 AD2d 403, 403 [2d Dept 1983]). If a movant can show that the opposing party made false statements in support of a prior motion, then this may be sufficient to warrant the vacatur of a previous judgment (*Peterson v Melchiona*, 269 AD2d 375 [2d Dept 2000]).

Here, defendant alleges that testimony given by defendant's Chief Legal Officer Umberto Simonelli was false and has misled the court into making its prior judgments. Specifically, defendants allege that Simonelli committed perjury when he stated that Alberto Bombassei,

**654931/2017  BREMBO S.P.A. vs. T.A.W. PERFORMANCE LLC**
**Motion No.  018**

**Page 3 of 8**

3 of 8

Chairman of the Board of Directors of Brembo did not exercise control over Brembo when the parties initially entered into their Agreement. Defendant alleges that if not for Simonelli's allegedly untruthful deposition testimony it would have been able to file an amended pleading that would include meritorious fraud in the inducement as an affirmative defense to plaintiff's claims. Defendant argues that had it been aware of Bombassei's alleged active role in Brembo, it would have insisted on additional protections before first entering into the Agreement.

In support of the allegation that Simonelli committed perjury during his deposition defendant presents excerpts from Brembo's annual and quarterly reports which list Alberto Bombassei as Chairman on the Board of Directors (NYSCEF Doc Nos 515 – 517). The Annual Reports states that "The Chairman is the Company's legal representative and has powers of ordinary management, within the limits of the law" (NYSCEF Doc No 515 at 4).

In addition to these reports defendant submits, albeit improperly as exhibits to their reply papers (*Ruland v 130 FG, LLC*, 181 AD3d 441 [1st Dept 2020] "[movant] cannot remedy a fundamental deficiency in its moving papers with evidence submitted in reply"), Brembo's report filed with the Italian Companies' "House Register", an organization maintained by the Italian Chamber of Commerce, which lists Bombassei's powers within Brembo (NYSCEF Doc No 550). Defendant alleges that the powers listed in the report indicate that Bombassei was involved in day-to-day management of the company which would contradict Simonelli's deposition.

Defendant also submits with its reply papers a letter from an Italian attorney, Avv. Ugo Giordano, dated August 17, 2023, who outlines what is meant by "powers of ordinary management" under Italian corporate law, and speculates what Bombassei's likely role was within Brembo (NYSCEF Doc No 547). A party may submit expert opinion on foreign law in

**654931/2017   BREMBO S.P.A. vs. T.A.W. PERFORMANCE LLC**
**Motion No. 018**

Page 4 of 8

4 of 8

motion practice, however as with all expert witness opinion, in order for the opinion to have probative value it must be submitted in admissible form (*101 Maiden Lane Realty Co., LLC v Tran Han Ho*, 88 AD3d 596 [1st Dept 2011] ["unsworn reports of … expert are not in admissible form and therefore lack probative value"]). Even if the court were to consider Giordano's letter as admissible defendant has failed to show fraud or wrongdoing by plaintiff which would warrant vacatur under CPLR 5105(a)(3).

Giordano first lists Bombassei's powers as a Chairman under Italian law which include the power to:

(i)     call board of directors meetings;
(ii)     set their agenda;
(iii)     coordinate all the work involved; and
(iv)     ensure that directors are suitably informed about the items on the agenda (Article 23 81.3 of the Italian Civil Code, "CC").

(*id*. at 4)

Furthermore, as Brembo is listed on the Italian Exchange, Corporate Governance Code gives Bombassei the powers to:

- ensure that all documentation relating to any item on the agenda of the board was made available to directors and statutory auditors in a timely manner prior to the board meeting (Article l .C.5 CGC);
- also if requested by of one or more directors, request to the CEO that certain executives of the company or the companies belonging to its group, in charge of management areas related to the board agenda, attend the meetings of the Board in order to provide appropriate supplemental information on the items on the agenda.

(*id*. at 4-5)

Giordano summarizes the role of the Board of Directors and the Chairman by stating "The board of directors has the primary responsibility for *determining and pursuing the strategic objectives* of the company and of the group of which it is part of or which it heads. The chairman

**654931/2017   BREMBO S.P.A. vs. T.A.W. PERFORMANCE LLC**
**Motion No.  018**

**Page 5 of 8**

5 of 8

is responsible for promoting the constant performance of such duty" (*id*. at 5 n.2, emphasis provided).

Finally, Giordano turns to the report filed with the Italian Companies' House Register which at a meeting of the Board of Directors held on April 29, 2014, granted Bombassei the powers to:

a) enter into lease agreements, also relating to entire businesses;
b) purchase and sell assets, including real estate assets;
c) buy and sell stakes in companies in Italy and abroad, all the above (a), (b) and (c) within a Euro 5m limit per single transaction;
d) issue non-binding patronage letters, comfort letters, sureties;
e) issue binding patronage, comfort letters and personal guarantees on behalf of the company up to Euro 20m for each transaction;
 f) take out loans, without prejudice for the Euro Sm limit for securing such loans with real estate.

Moreover, "within the broader powers of direction, coordination and control attributed to [Bombassei] according to the role held, the following tasks are assigned to the chairman:
- define the general "compliance" guidelines and those of internal control;
- define and manage, with the broadest powers, external communications,·
- define and propose medium and long-term group development strategies to the board;
- define the guidelines for business development, real estate development and corporate development;
- outline the general policies relating to the organization and management of human resources;
- approve the hiring of the first organizational levels (first level reports to the executive vice president and the managing director as well as the directors and general managers of the subsidiaries)".

(*id*. at 6-7; see also NYSCEF Doc No 550).

In order to succeed under CPLR § 5015(a)(3) defendant must show that the plaintiff committed fraud in obtaining the July 2, 2018 and June 26, 2020 judgments. This could include willfully false statements made by the plaintiff. However, despite defendant's contentions they do not provide any evidence which shows that any statements made by Simonelli in his deposition were untruthful. In his deposition Simonelli in a response to a question asking why he no longer reported directly to Bombassei stated:

**654931/2017   BREMBO S.P.A. vs. T.A.W. PERFORMANCE LLC**
**Motion No. 018**

**Page 6 of 8**

6 of 8

> Because Mr. Bombassei went out for the major part of the business due to his role as chairman or board member in many other organizations. And in 2013, he was appointed as member of the Italian parliament. So Mr. Bombassei only maintained formal report with internal audit, communication department, real estate department, and his own secretary. So he is not anymore operative report since 2009.

(NYSCEF Doc No 515 at 15:10 – 15:21).

He then responded to the question "Correct me if I'm wrong, does that mean that [Bombassei]'s not actively engaged in day-to-day management of the business?" by stating "No, since 2009, no" (*id.* at 15:22 – 15:25). Nothing in the letter by Giordano, the Annual Reports, or the report filed with the Italian Companies' House Register, conflict with the testimony that Bombassei was not engaged with day-to-day management of the business. Indeed, the documents submitted by defendant support the conclusion that Bombassei determined and pursued strategic objectives, in other words, strategized how to achieve Brembo's corporate objectives and did not engage in hands on daily operating functions. Therefore, defendant has not provided any evidence showing that plaintiff misrepresented any facts it presented to the court in support of the motions resulting in the July 2, 2018 and June 26, 2020 judgments. Accordingly, vacatur based on CPLR § 5015(a)(3) must be denied.

Alternatively, under CPLR § 5015(a)(2) defendant needs to show that the newly discovered evidence would have probably led to a different result. While defendant does not need to prove that Simonelli's statements were false under 5015(a)(2), they must show that the evidence presented could not have been obtained at the time the motion was decided, and that if it had been presented it likely would have changed the court's decision. Here, all the evidence that is provided by defendant was publicly available and could have been obtained by due diligence. Brembo's two Annual reports submitted by defendant were publicly available since

**654931/2017   BREMBO S.P.A. vs. T.A.W. PERFORMANCE LLC**                      **Page 7 of 8**
**Motion No. 018**

7 of 8

[* 7]

2013 and 2017, and Brembo's 1st Quarter Report was publicly available since 2016 (NYSCEF Doc Nos 516 – 518). The report filed with the Italian Companies' House Register was available since May 8, 2017 (NYSCEF Doc No 550). Therefore, all of the submitted evidence was publicly available prior to the earliest return date on both motions that defendant seeks to have vacated and could have been obtained with due diligence (NYSCEF Doc No 42 [Mot Seq 002 return date was October 27, 2017]; NYSCEF Doc No 338 [Mot Seq No 015 return date was December 16, 2019]).  As defendant does not provide any reason that this evidence could not have been presented when the prior motions were decided, vacatur based on CPLR § 5015(a)(2) must also be denied.

Accordingly it is,

ORDERED that the part of defendant's motion to vacate the decision dated July 2, 2018 (NYSCEF Doc No 123) is denied; and it is further

ORDERED that the part of defendant's motion to vacate the decision dated June 26, 2020 (NYSCEF Doc No 431) is denied; and it is further

ORDERED that the part of defendant's motion to amend its answer is denied.

20240124123034PG0ETZ1A25E161511104F27A1F9512C8D26F3C3

| 1/24/2024 | | | PAUL A. GOETZ, J.S.C. |
|---|---|---|---|
| DATE | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654931/2017   BREMBO S.P.A. vs. T.A.W. PERFORMANCE LLC**
**Motion No.  018**

Page 8 of 8

[* 8]

8 of 8