**18 E. 41st St. Partners LLC v Gamlieli**

2024 NY Slip Op 32370(U)

July 11, 2024

Supreme Court, New York County

Docket Number: Index No. 153624/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. MARY V. ROSADO**      PART      **33M**

*Justice*

-------------------------------------------------------------------X

18 EAST 41ST STREET PARTNERS LLC

           Plaintiff,

     - v -

ITAY GAMLIELI,

           Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153624/2021 |
| MOTION DATE | 05/11/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71

were read on this motion to/for      SUMMARY JUDGMENT(AFTER JOINDER)    .

Upon the foregoing documents, and after oral argument which took place on March 12, 2023, with Henry E. Rakowski, Esq. appearing for Plaintiff 18 East 41st Street Partners LLC, ("Plaintiff"), and Robert Garson, Esq. appearing for Defendant Itay Gamlieli ("Defendant"). Plaintiff's motion for summary judgment as to liability is granted in part and denied in part.

## I.    Background

Plaintiff owns the building located at 18 East 41st Street New York, New York 10017 (the "Building") (NYSCEF Doc. 1 at ¶ 1). Gamlieli Zweig, Inc. ("Tenant") is a now dissolved real estate brokerage firm which leased the tenth floor of the Building (the "Premises") pursuant to a written lease (the "Lease") dated December 15, 2016 (id. at ¶ 5). Defendant Itay Gamlieli executed a written guaranty of the Lease on December 12, 2016 (id. at ¶ 6). Plaintiff alleges that Tenant defaulted by failing to pay rent in March of 2020. Tenant remained in the Premises for another sixteen months until June of 2021, when it provided notice of its intention to vacate on June 7, 2021. Plaintiff seeks to recoup damages for Tenant's default from Defendant pursuant to the written guaranty.

**153624/2021   18 EAST 41ST STREET PARTNERS vs. GAMLIELI, ITAY**
**Motion No. 003**

**Page 1 of 6**

[* 1]

Plaintiff is seeking summary judgment against Guarantor for arrears in the sum of $352,614.16, additional rent due in the sum of $290,012.66, and for attorneys' fees. Plaintiff argues it is entitled to summary judgment based on the unambiguous terms of the lease and guaranty, as well as the rent ledger produced. Plaintiff asserts that Defendant was provided a rent statement dated June 1, 2021 yet never objected to the statement. Plaintiff argues the rent statement shows arrears evidencing the tenant's default and guarantor's liability.

In opposition, Defendants argue the evidence used to support Plaintiff's motion is hearsay. Defendant further argues that Plaintiff's own submissions create an issue of fact as to damages because Plaintiff's fact affidavit in support of the motion contradicts with the alleged amounts owed in the complaint and ledger. Defendant also alleges that the ledger produced does not evidence any rent abatements credited and therefore is insufficient to award Plaintiff damages related to recovery of any rent abatement. In reply, Plaintiff argues that Defendant's have only asserted conclusory and self-serving arguments. Plaintiff also produced records on reply indicating the rent abatement provided prior to Defendant's default.

## II.  Discussion

### A. Standard

Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact

**153624/2021   18 EAST 41ST STREET PARTNERS vs. GAMLIELI, ITAY**
**Motion No.  003**

**Page 2 of 6**

2 of 6

which require a trial (*see e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.*, 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions of law or fact are insufficient to defeat a motion for summary judgment (*see Banco Popular North Am. v Victory Taxi Mgt., Inc.*, 1 NY3d 381 [2004]). In order to establish a claim for breach of contract, there must be "the existence of a contract, the Plaintiff's performance thereunder, the Defendant's breach thereof, and resulting damages" (*Markov v Katt*, 176 AD3d 401, 401-02 [1st Dept 2019]).

### B. Plaintiff Meets its Prima Facie Burden as to Liability

Plaintiff has made its *prima facie* showing of entitlement to unpaid rent as the existence of the lease and guaranty is not in dispute. Further, there is no dispute that Plaintiff performed under the terms of the lease. Nor is it disputed that tenant defaulted under the terms of the lease and that Defendant agreed to guarantee tenant's defaults. Finally, the ledgers and rent statements produced show that Plaintiff was damaged as it lost expected income from the lease. Defendant has provided no evidence to rebut any of Plaintiff's claims as to liability. Based on the undisputed facts and the unambiguous terms of the lease and guaranty, which were negotiated by commercial entities, Plaintiff is entitled to summary judgment on liability (*see Center for Specialty Care, Inc. v CSC Acquisition I, LLC*, 185 A.D.3d 34 [1st Dept 2020]).

### C. Issues of Fact Exist as to Damages

Viewing the facts in the light most favorable to the non-movant, the Court finds there are issues of fact regarding the total damages owed to Plaintiff which preclude granting summary judgment as to damages. Although the ledger indicates that as of June 2021 $381,581.75 is due, the Torre affidavit indicates that as of September 2021 the tenant owed $352,614.16. The Plaintiff likewise concedes in the Torre affidavit that there are inaccuracies in its ledger (*see* NYSCEF Doc.

**153624/2021  18 EAST 41ST STREET PARTNERS vs. GAMLIELI, ITAY**
Motion No. 003

Page 3 of 6

3 of 6

54 at ¶ 28). Moreover, Plaintiff failed to provide the rent abatement statements which it seeks to recoup until it filed reply papers and therefore Defendant was deprived of an opportunity to rebut those statements (*see Ruland v 130 FG, LLC*, 181 AD3d 441 [1st Dept 2020] [on a motion for summary judgment, a fundamental deficiency in the moving papers cannot be remedied with evidence submitted in reply]). Therefore, Plaintiff's motion for summary judgment is denied as to damages, and the Court refers the issue of damages to a Special Referee to hear and report.

Accordingly, it is hereby,

ORDERED that Plaintiff 18 East 41st Street Partners LLC's motion for summary judgment against Defendant Itay Gamlieli on the issue of liability is granted; and it is further

ORDERED that a Judicial Hearing Officer ("JHO") or Special Referee shall be designated to hear and report to this court on the issue of the total amount of damages due and owing, including base rent additional rent under the first cause of action, reimbursement of rent abatements pursuant to the second cause of action, and attorneys' fees pursuant to the third cause of action; and it is further

ORDERED that the powers of the JHO/Special Referee shall not be limited beyond the limitations set forth in the CPLR; and it is further

ORDERED that this matter is hereby referred to the Special Referee Clerk for placement at the earliest possible date upon the calendar of the Special Referees Part (Part SRP), which, in accordance with the Rules of that Part (which are posted on the website of this court), shall assign this matter at the initial appearance to an available JHO/Special Referee to hear and report as specified above; and it is further

ORDERED that counsel shall immediately consult one another and counsel for plaintiff/petitioner shall, within 15 days from the date of this Order, submit to the Special Referee

**153624/2021  18 EAST 41ST STREET PARTNERS vs. GAMLIELI, ITAY**
Motion No. 003

Page 4 of 6

4 of 6

[* 4]

Clerk by e-mail an Information Sheet (accessible at the "References" link on the court's website) containing all the information called for therein and that, as soon as practical thereafter, the Special Referee Clerk shall advise counsel for the parties of the date fixed for the appearance of the matter upon the calendar of the Special Referees Part; and it is further

ORDERED that on the initial appearance in the Special Referees Part the parties shall appear for a pre-hearing conference before the assigned JHO/Special Referee and the date for the hearing shall be fixed at that conference; the parties need not appear at the conference with all witnesses and evidence; and it is further

ORDERED that, except as otherwise directed by the assigned JHO/Special Referee for good cause shown, the trial of the issue(s) specified above shall proceed from day to day until completion and counsel must arrange their schedules and those of their witnesses accordingly, and it is further

ORDERED that counsel shall file memoranda or other documents directed to the assigned JHO/Special Referee in accordance with the Uniform Rules of the Judicial Hearing Officers and the Special Referees (available at the "References" link on the court's website) by filing same with the New York State Courts Electronic Filing System (see Rule 2 of the Uniform Rules); and it is further

ORDERED that any motion to confirm or disaffirm the Report of the JHO/Special Referee shall be made within the time and in the manner specified in CPLR 4403 and Section 202.44 of the Uniform Rules for the Trial Courts; and it is further

ORDERED that, unless otherwise directed by this court in any Order that may be issued together with this Order of Reference to Hear and Report, the issues presented in any motion

153624/2021   18 EAST 41ST STREET PARTNERS vs. GAMLIELI, ITAY
Motion No.  003

Page 5 of 6

5 of 6

identified hereof shall be held in abeyance pending submission of the Report of the JHO/Special Referee and the determination of this court thereon.

ORDERED that within ten (10) days of entry, counsel for Plaintiff 18 East 41st Street Partners LLC shall serve a copy of this Decision and Order, with notice of entry, on all via NYSCEF.

This constitutes the Decision and Order of the Court.

| 7/11/2024 | | *May V Rosado JSC* |
|-----------|--|---------------------|
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|------------|------------------|--------------------------|--|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☒ REFERENCE |

**153624/2021  18 EAST 41ST STREET PARTNERS vs. GAMLIELI, ITAY**
**Motion No.  003**

Page 6 of 6