| **De Paz v LEMX Corp.** |
|---|
| 2025 NY Slip Op 30194(U) |
| January 16, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 160251/2020 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. MARY V. ROSADO                    PART                33M

                                         *Justice*

-------------------------------------------------------------------X

JOEL DE PAZ,                                    INDEX NO.        160251/2020

                              Plaintiff,        MOTION DATE      06/07/2024

            - v -                               MOTION SEQ. NO.      004

LEMX CORP., 30 EAST 85TH STREET COMPANY,
LLC,WALLACK MANAGEMENT, CO., INC.,THE BOARD
OF MANAGERS OF THE 30 EAST 85TH STREET          **DECISION + ORDER ON**
CONDOMINIUM, THE 30 EAST 85TH STREET                    **MOTION**
CONDOMINIUM,

                              Defendant.

------------------------------------------------------------------X

LEMX CORP.                                            Third-Party
                                                Index No.  595888/2021
                              Plaintiff,

            -against-

PHOENIKS INC.

                              Defendant.

---------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 149, 156, 157, 158, 159, 160, 162, 166, 167, 168

were read on this motion to/for                JUDGMENT - SUMMARY                .

Upon the foregoing documents, and after a final submission date of September 19, 2024,

Defendants 30 East 85th Street Company, LLC, Wallack Management Co., Inc., The Board of

Managers of the 30 East 85h Street Condominium, and The 30 East 85th Street Condominium's

("Building Defendants") motion for summary judgment on their contractual and common law

indemnification, contribution, and breach of contract for failure to procure insurance claims

against Defendant/Third-Party Plaintiff LEMX Corp. ("LEMX") is denied.

[* 1]

## I.    Background

For a more thorough recitation of the facts, the reader is referred to this Court's Decision and Order on Motion Sequence 003. For purposes of this motion, the Building Defendants seek summary judgment on their crossclaims asserted against LEMX. The Building Defendants argue there is no evidence that they were actively engaged in any of the work which caused Plaintiff's accident or that they were affirmatively negligent. The Building Defendants further argue that they are entitled to summary judgment on their breach of contract for failure to procure insurance claims because LEMX's subcontractor, Phoeniks Inc., allegedly did not insure the Building Defendants. In opposition, LEMX argues that there are issues of fact regarding who has access and control to the electrical power which makes any determination regarding indemnification premature. Moreover, LEMX argues that it procured the requisite insurance.

## II.    Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Based on the record before this Court, there are triable issues of fact as to both the Building Defendants' and LEMX's negligence which makes ruling on the common-law and contractual indemnification claims premature (*York v Tappan Zee Constructors,* LLC, 224 AD3d 527, 529

**160251/2020   JOEL DE PAZ, vs. LEMX CORP., ET AL**                                    **Page 2 of 4**
**Motion No.  004**

2 of 4

[* 2]

[1st Dept 2024]; *Bradley v NYU Langone Hospitals*, 223 AD3d 509, 511-512 [1st Dept 2024]). Amongst other things, it is not clear who had access to the premises' power supply and could ensure it was turned off, which could have prevented Plaintiff's electrocution. Further, it is not clear if it was ever turned off, or if it was turned off, if someone negligently turned the power back on while Plaintiff worked. These are issues of fact which make any grant of indemnification premature. For the same reason, the Building Defendants' motion for summary judgment on their contribution crossclaim is denied.

Finally, the Building Defendants' motion for summary judgment on their failure to procure insurance claim is denied. A party moving for summary judgment on its claim for failure to procure insurance must show correspondence from the insurer of the party against whom summary judgment is sought indicating that the moving party was not named as an insured on any policies issued (*Dorset v 285 Madison Owner LLC*, 214 AD3d 402 [1st Dept 2023]). Here, the Building Defendants failed to annex to their motion in chief any insurance policy that did not name them as an additional insured, let alone correspondence denying coverage (*Ruland v 130 FG, LLC*, 181 AD3d 441 [1st Dept 2020] [deficiencies in summary judgment motion cannot be remedied through evidence introduced for first time on reply]). The only correspondence introduced is from the defaulted Third-Party Defendant Phoeniks' insurer. Therefore, this branch of the Building Defendants' motion is also denied.

Accordingly, it is hereby,

ORDERED that 30 East 85th Street Company, LLC, Wallack Management Co., Inc., The Board of Managers of the 30 East 85h Street Condominium, and The 30 East 85th Street Condominium's motion for summary judgment on their contractual and common law

indemnification, contribution, and breach of contract for failure to procure insurance claims against Defendant/Third-Party Plaintiff LEMX Corp. is denied; and it is further

ORDERED that within ten days of entry, counsel for Defendant/Third-Party Plaintiff LEMX Corp. shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 1/16/2025 | | | | *My V Rosado JSC* | |
|---|---|---|---|---|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**160251/2020   JOEL DE PAZ, vs. LEMX CORP., ET AL**
**Motion No.  004**

**Page 4 of 4**

4 of 4

[* 4]