## Carmel Partners, Inc. v Greenpoint-Goldman SM LLC

2026 NY Slip Op 30709(U)

February 25, 2026

Supreme Court, New York County

Docket Number: Index No. 650272/2024

Judge: Phaedra F. Perry-Bond

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. PHAEDRA F. PERRY-BOND**     PART     35

*Justice*

----------------------------------------------------------------------X

CARMEL PARTNERS, INC., and CP III AJ 63RD, LLC

                Plaintiffs,

               - v -

GREENPOINT-GOLDMAN SM LLC,

                Defendant.

----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650272/2024 |
| MOTION DATE | 03/24/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49

were read on this motion to/for            JUDGMENT - SUMMARY       .

Upon the foregoing documents, Plaintiffs Carmel Partners, Inc.'s ("Carmel Partners") and CP III AJ 63rd, LLC ("CP III") (collectively "Plaintiffs") motion for summary judgment against Defendant Greenpoint-Goldman SM LLC ("Greenpoint") on its breach of contract claim[1] and seeking summary judgment dismissing Greenpoint's counterclaim is granted in part and otherwise denied, without prejudice and with leave to renew upon further discovery.

### I.    Background

Greenpoint owns a 14-story residential rental building at 225 E. 63rd Street, New York, New York (the "Premises"). CP III was allegedly a successor tenant and Greenpoint was allegedly a successor landlord to a lease executed on 1964 between non-parties Newport Associates Inc. and P.E.P. 63rd Street, Inc. (the "Lease") (NYSCEF Doc. 35).[2] CP III leased the Premises from November 22, 2011 through November 26, 2024. On October 26, 2021, a fire occurred at the

---

[1] The notice of motion does not specify under what cause(s) of action Plaintiffs seek summary judgment, but the memorandum of law only argues in support of summary judgment on the breach of contract claim.

[2] There is no lease assignment or lease renewal offered by either party, but neither party disputes that this lease is in effect.

650272/2024   CARMEL PARTNERS, INC. ET AL vs. GREENPOINT-GOLDMAN SM LLC          Page 1 of 5
Motion No. 001

1 of 5

Premises and damaged the building. Article 9, Section 1 of the parties' Lease states "The proceeds of all insurance against damage to or destruction of the demised premises shall be paid to the Landlord upon occurrence of any loss." In accordance with this Lease provision, CP III delivered a check from its insurer in the amount of $2,000,000 to Greenpoint. The parties agreed in Article 9, Section 3 of the Lease that if the insurance proceeds "exceed the costs of repairing or rebuilding the building to substantially the same design and construction which existed prior to the damage, the excess, if any, after the payment of the said costs, shall belong to Landlord."

On December 14, 2022, Greenpoint disbursed $834,105.55 of the $2,000,000 in insurance proceeds to CP III for repairs to the Premises in accordance with Article 9, Section 3 of the Lease. On August 9, 2023, a further $784,001.13 of the $2,000,000 in insurance proceeds was disbursed to CP III. On August 24, 2023, Plaintiffs sought the remainder of the $384,371.89 in insurance proceeds being held by Defendant to cover Plaintiffs' business interruption losses, but Defendant allegedly refused, leading to this lawsuit. Prior to the preliminary conference being held, Plaintiffs moved for summary judgment. Defendant opposes.

## II. Discussion

The motion for summary judgment with respect to Plaintiffs' breach of contract claim is denied, without prejudice, and with leave to renew upon further discovery. "Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible

650272/2024 CARMEL PARTNERS, INC. ET AL vs. GREENPOINT-GOLDMAN SM LLC Page 2 of 5
Motion No. 001

[* 2]                                    2 of 5

form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Here, Plaintiffs failed to establish their *prima facie* case through admissible evidence which requires denying the motion regardless of the insufficiency of the opposing papers (*see Lopez v Trahan*, 234 AD3d 552, 554 [1st Dept 2025] citing *Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d 823, 833 [2014]). As a preliminary matter, the motion completely fails to address the relationship between Carmel Partners and CP III and how Greenpoint can be liable to Carmel Partners for breach of a lease to which Carmel Partners is not privy to (*see, e.g. Markov v Katt*, 176 AD3d 401, 401-402 [1st Dept 2019] [breach of contract requires the existence of a contract between parties]).

Moreover, the motion in chief contains no proof of the business loss expenses incurred and therefore CP III has failed to establish *prima facie*, through admissible evidence, a breach of contract or damages. The evidence submitted on reply cannot be considered as Plaintiffs may not remedy evidentiary deficiencies in their motion on reply (*see Ruland v 130 FG, LLC*, 181 AD3d 441 [1st Dept 2020]). The motion also relies on affirmations from Zachary Rosenthal and Jennifer Will, whom Greenpoint has not had an opportunity to depose, making the motion premature (*see, e.g. 470 40th Avenue Fee Owner, LLC v Wesco Ins. Co.*, 243 AD3d 461, 461-462 [1st Dept 2025]; *see also 241 Fifth Ave. Hotel, LLC v GSY Corp.*, 110 AD3d 470, 472 [1st Dept 2013]).

Issues of fact are further compounded because, pursuant to the Lease, the only insurance proceeds which CP III was required to deposit with Defendant were those proceeds meant to repair the building, so if Plaintiff was provided insurance proceeds for business interruption it should not have been given to Defendant in the first place. Discovery is needed to explain the process through which CP III became aware that some of the money deposited with Defendant was in actuality for

business interruption costs and not for building damage and repair. This is especially the case since the parties agreed that any proceeds held by Defendant which "exceed the costs of repairing or rebuilding the building to substantially the same design and construction which existed prior to the damage, the excess, if any, after the payment of the said costs, shall belong to Landlord."

However, the motion for summary judgment dismissing the counterclaim for attorneys' fees is granted. The attorneys' fees provision in the Lease is found at Article 6 and provides that "The Tenant shall indemnify, defend and save harmless the Landlord from any and all liabilities, damages, penalties, costs, expenses, claims, suits or actions due to or arising out of (a) any breach, violation or non-performance of any covenant, condition or agreement in this Lease contained on the part of the Tenant to be fulfilled, kept, observed, and performed...". Greenpoint claims it is entitled to attorneys' fees because CP III is breaching Article 9 of the Lease by demanding money to which it is not entitled. But there is nothing in the lease whereby CP III promised not to sue Greenpoint based on alleged improper withholding of insurance proceeds pursuant to Article 9. Because this is not a suit "arising out of any breach of a covenant, condition or agreement on the part of [CP III] to be fulfilled, kept, observed, and performed..." the attorneys' fees provision does not apply and the counterclaim must be dismissed (*see, e.g. Hooper Associates, Ltd. v AGS Computers, Inc.*, 74 NY2d 487, 491-492 [1987]; *Needham & Company, LLC v UPHealth Holdings, Inc.*, 212 AD3d 561, 561-562 [1st Dept 2023]; *Gotham Partners, L.P. v High River Ltd. Partnership*, 76 AD3d 203 [1st Dept 2010]).

Accordingly, it is hereby,

ORDERED that the motion for summary judgment is granted solely to the extent that Greenpoint's counterclaim for attorneys' fees is dismissed, and the remainder of the motion for

summary judgment is denied, without prejudice, and with leave to renew upon further discovery; and it is further

ORDERED that the parties shall meet and confer immediately and submit a proposed preliminary conference order to the Court via e-mail, but in no event shall the proposed order be submitted any later than March 24, 2026.[3] If the parties have a serious discovery dispute, requiring Court intervention, then the parties shall advise the Court via e-mail at which time an in-person conference may be scheduled; and it is further

ORDERED that within ten days of entry, counsel for Plaintiffs shall serve a copy of this Decision and Order, with notice of entry on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

2/25/26
DATE

HON. PHAEDRA F. PERRY-BOND, J.S.C.

CHECK ONE:

| | | | |
|---|---|---|---|
| ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

---

[3] This date is for the submission of a proposed preliminary conference order only – it is not to appear in-person for a conference.

650272/2024 CARMEL PARTNERS, INC. ET AL vs. GREENPOINT-GOLDMAN SM LLC
Motion No. 001

Page 5 of 5